# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

BROADCAST MUSIC, INC., a Delaware corporation;
HYDROPONIC MUSIC, a partnership;
SONY/ATV SONGS LLC d/b/a SONY/ATV ACUFF ROSE MUSIC, a Delaware company;
ARC MUSIC CORP., a Delaware corporation;
PEERMUSIC III LTD., a Delaware company;
EMI CONSORTIUM SONGS, INC. d/b/a EMI LONGITUDE MUSIC, a New York corporation;
CONCORD MUSIC GROUP, INC. d/b/a JONDORA MUSIC, a Delaware Corporation;
MJ PUBLISHING TRUST d/b/a MIJAC MUSIC, a Delaware company;
GIBB BROTHERS MUSIC, a partnership;
CROMPTON SONGS, a sole proprietorship;
EMBASSY MUSIC CORPORATION, a New York corporation;
CYANIDE PUBLISHING, a partnership;
UNIVERSAL-SONGS OF POLYGRAM INTERNATIONAL, INC., a Delaware corporation;
RONDOR MUSIC INTERNATIONAL, INC. d/b/a IRVING MUSIC, a California corporation;
BOCEPHUS MUSIC, INC., a Tennessee corporation;
TOKECO TUNES, a sole proprietorship;
PLUNKROCK MUSIC, a sole proprietorship;
LYNCH MOB MUSIC, a sole proprietorship;
BLACK CASPER MUSIC, a sole proprietorship;
SONGS OF UNIVERSAL, INC., a California corporation;
ISH MUSIC, a sole proprietorship
HEY RUDY MUSIC PUBLISHING, A DIVISION OF CHEESE FACTORY RECORDS, LTD., a New York corporation;
THE JIMMY FRANKS PUBLISHING COMPANY, a sole proprietorship,

    Plaintiffs,

v.

BUTCHER ENTERPRISES, INC. d/b/a SAND CREEK LOUNGE, a Colorado corporation; and
K. RICHARD ENGEL a/k/a RICHARD ENGEL, individually,

    Defendants.

---

## Complaint for Copyright Infringement

---

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

## JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

3. This Court has personal jurisdiction over both of the Defendants because Butcher Enterprises Inc. is a Colorado Corporation and Richard Engle resides in Colorado.

## THE PARTIES

4. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of Delaware. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in 14 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

5. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

6. Plaintiff Hydroponic Music is a partnership owned by Nicholas L. Hexum, Chad Sexton, Timothy J. Mahoney, Douglas Martinez and Aaron Wills. This Plaintiff is the copyright owner of at least one of the songs in this matter.

7. Plaintiff Sony/ATV Songs LLC is a limited liability company doing business as

Sony/ATV Acuff Rose Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8. Plaintiff Arc Music Corp. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

9. Plaintiff Peermusic III Ltd is a limited company. This Plaintiff is the copyright owner of at least one of the songs in this matter.

10. Plaintiff EMI Consortium Songs, Inc. is a corporation doing business as EMI Longitude Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

11. Plaintiff Concord Music Group, Inc. is a corporation doing business as Jondora Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

12. Plaintiff MJ Publishing Trust is a Trust doing business as Mijac Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

13. Plaintiff Gibb Brothers Music is a partnership owned by the Estate of Maurice Ernest Gibb and the Estate of Robin Gibb. This Plaintiff is the copyright owner of at least one of the songs in this matter.

14. Plaintiff Crompton Songs is a sole proprietorship owned by Barry Alan Gibb. This Plaintiff is the copyright owner of at least one of the songs in this matter.

15. Plaintiff Embassy Music Corporation is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

16. Plaintiff Cyanide Publishing is a partnership owned by Robert Kuykendall, Richard A. Ream, Bruce Johannesson and Bret M. Sychak. This Plaintiff is the copyright owner of at least one of the songs in this matter.

17. Plaintiff Universal-Songs of Polygram International, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

18. Plaintiff Rondor Music International, Inc. is a corporation doing business as Irving Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

19. Plaintiff Bocephus Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

20. Plaintiff Tokeco Tunes is a sole proprietorship owned by Toby Keith Covel. This Plaintiff is the copyright owner of at least one of the songs in this matter.

21. Plaintiff Plunkrock Music is a sole proprietorship owned by Steven Lee Plunkett. This Plaintiff is the copyright owner of at least one of the songs in this matter.

22. Plaintiff Lynch Mob Music is a sole proprietorship owned by Steve Lynch. This Plaintiff is the copyright owner of at least one of the songs in this matter.

23. Plaintiff Black Casper Music is a sole proprietorship owned by Randy Schuchart, also known as Randy Rand. This Plaintiff is the copyright owner of at least one of the songs in this matter.

24. Plaintiff Songs of Universal, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

25. Plaintiff Ish Music is a sole proprietorship owned by William Ray Isham. This Plaintiff is the copyright owner of at least one of the songs in this matter.

26. Plaintiff Hey Rudy Music Publishing is a division of Cheese Factory Records, Ltd., a limited company. This Plaintiff is the copyright owner of at least one of the songs in this matter.

27. On information and belief, Plaintiff The Jimmy Franks Publishing Company is a

sole proprietorship owned by Jimmy M. Franks. This Plaintiff is the copyright owner of at least one of the songs in this matter.

28. Defendant Butcher Enterprises, Inc. is a corporation organized and existing under the laws of the state of Colorado, which operates, maintains and controls an establishment known as Sand Creek Lounge, located at 16893 E Iliff Avenue, Aurora, Colorado 80013, in this district (the "Establishment").

29. In connection with the operation of the Establishment, Defendant Butcher Enterprises, Inc. publicly performs musical compositions and/or causes musical compositions to be publicly performed.

30. Defendant Butcher Enterprises, Inc. has a direct financial interest in the Establishment.

31. Defendant K. Richard Engel, also known as Richard Engel, is the President of Defendant Butcher Enterprises, Inc. with responsibility for the operation and management of that corporation and the Establishment.

32. Defendant K. Richard Engel, also known as Richard Engel, has the right and ability to supervise the activities of Defendant Butcher Enterprises, Inc. and a direct financial interest in that corporation and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

33. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 32.

34. Since February 2015, BMI has reached out to Defendants over fifty (50) times, by phone, mail, and email, in an effort to educate Defendants as to their obligations under the

Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

35. Plaintiffs allege sixteen (16) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

36. Attached to this Complaint as a schedule (the "Schedule"), *see* Exhibit A, and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the sixteen (16) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

37. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

38. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

39. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

40. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

41. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I)     Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II)    Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III)   Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV)   Plaintiffs have such other and further relief as is just and equitable.

Dated: December 11, 2018                **MERCHANT & GOULD P.C.**

 s/Christopher Stanton
Christopher Stanton
Merchant & Gould, P.C.
1801 California Street
Suite 3300
Denver, CO 80202
Telephone: (303)357-1670
Fax: (303)357-1671

*Attorney(s) for Plaintiffs*