IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-03171-KLM

BROADCAST MUSIC, INC., a Delaware corporation,
HYDROPONIC MUSIC, a partnership,
SONY/ATV SONGS LLC, a Delaware company d/b/a Sony/ATV Acuff Rose Music,
ARC MUSIC CORP., a Delaware corporation,
PEERMUSIC III LTD., a Delaware company,
EMI CONSORTIUM SONGS, INC., a New York corporation d/b/a EMI Longitude Music,
CONCORD MUSIC GROUP, INC., a Delaware corporation d/b/a Jondra Music,
MJ PUBLISHING TRUST, a Delaware company d/b/a Mijac Music,
GIBB BROTHERS MUSIC, a partnership,
CROMPTON SONGS, a sole proprietorship,
EMBASSY MUSIC CORPORATION, a New York corporation,
CYANIDE PUBLISHING, a partnership,
UNIVERSAL-SONGS OF POLYGRAM INTERNATIONAL, INC., a Delaware corporation,
RONDOR MUSIC INTERNATIONAL, INC., a California corporation d/b/a Irving Music,
BOCEPHUS MUSIC, INC., a Tennessee corporation,
TOKECO TUNES, a sole proprietorship,
PLUNKROCK MUSIC, a sole proprietorship,
LYNCH MOB MUSIC, a sole proprietorship,
BLACK CASPER MUSIC, a sole proprietorship,
SONGS OF UNIVERSAL, INC., a California corporation,
ISH MUSIC, a sole proprietorship,
HEY RUDY MUSIC PUBLISHING, a New York corporation, A Division of other Cheese Factor Record, LTD, and
THE JIMMY FRANKS PUBLISHING COMPANY, a sole proprietorship,

    Plaintiffs,

v.

BUTCHER ENTERPRISES, INC., a Colorado corporation d/b/a Sand Creek Lounge, and
K. RICHARD ENGEL, individually a/k/a Richard Engel,

    Defendants.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the parties' **Joint Motion for Entry of Consent**

**Decree** [#18][1] (the "Motion").  Pursuant to 28 U.S.C. § 636(c), the parties in this civil action consented to have the undersigned conduct all proceedings.  *See* [#20, #21].  The Court has reviewed the Motion [#18], the entire case file and the applicable law and is sufficiently advised in the premises.  For the reasons set forth below, the Motion [#18] is **DENIED without prejudice.**

## I. Background

Plaintiffs initiated this action on December 12, 2018, for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Section 101 *et seq.* (the "Copyright Act").  In short, Plaintiffs allege that Defendants committed copyright infringement by publicly performing, without authorization, numerous copyrighted musical compositions which Plaintiffs own outright or own licensing rights.  *Compl.* [#1] ¶¶ 33-41.  Defendants filed a Joint Answer to Plaintiffs' Complaint [#13] (the "Answer") in which they generally deny Plaintiffs' assertions and raise numerous affirmative defenses.  The Court initially set a Scheduling Conference in the case for March 28, 2019.  [#8].  The Scheduling Conference was subsequently reset and ultimately vacated based on the parties' representation that a settlement had been reached and the parties' filing of the instant Motion [#18].  *See Minute Orders* [#16 and #19].

In the Motion, the parties jointly move the Court to enter a proposed Consent Decree which the parties have attached to the Motion.  *See* [#18] at 5-9.  The parties state that entry of the Consent Decree has been agreed to by all parties and is part of a settlement

---

[1] "[#18]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  The Court uses this convention throughout this Order.

agreement (the "Settlement Agreement") which appears to resolve all claims in the case. *Id.* at 2. Specifically, the parties stipulate in the proposed Consent Decree that: (1) Plaintiff Broadcast Music, Inc., licenses the rights to public performance, and that the other Plaintiffs own the copyrights, in sixteen identified musical compositions; (2) immediately upon execution of the Consent Decree, Defendant Butcher Enterprises shall enter into a "License" with Plaintiff Broadcast Music, Inc. and pay the annual fee set forth in the "License"; (3) the parties shall abide by the terms of the Settlement Agreement; (4) the Court shall retain jurisdiction over the parties for purposes of (a) enforcing the Consent Decree and the associated Settlement Agreement which includes a "Consent Judgment," (b) resolving any disputes arising therefrom or associated therewith, and (c) adjudicating "any further litigation involving the issues raised in this litigation"; (5) each party shall bear its own fees and costs relating to this action; and (6) this matter will be dismissed with prejudice "except as otherwise indicated" in the Consent Decree. *Id.* at 6-8.

With respect to the final stipulation regarding the disposition of this case, the parties make clear in the Motion that they request the Court to dismiss this matter with prejudice pursuant to Fed. R. Civ. P. 41(a)(2) on entry of the Consent Decree but that the Court maintain jurisdiction to enforce the Settlement Agreement between the parties. *Id.* at 2. The parties do not cite any legal authority in support of the Motion or entry of the Consent Decree. *See generally id.* at 1-2. Moreover, the parties do not provide the Court with copies of the Settlement Agreement, the "License," or the "Consent Judgment" referred to in the Consent Decree.

## II. Standard of Review

"A consent decree is primarily a means by which parties settle their disputes without

having to bear the financial and other costs of litigating." *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 528-29 (1986). A consent decree that is entered in federal court "must be directed to protecting federal interests." *Frew v. Haskins*, 540 U.S. 431, 437 (2004). Specifically, the Supreme Court has stated that a federal consent decree must: (1) spring from and serve to resolve a dispute within the court's subject matter jurisdiction; (2) come within the general scope of the case based on the pleadings; and (3) further the objectives of the law on which the claims are based. *Firefighters*, 478 U.S. at 525.

"However, 'a federal court is more than a recorder of contracts from whom private parties may purchase injunctions.'" *Funimation Entm't v. Timmons*, No. 13-cv-00533-MSK-MJW, 2014 WL 6873061, at *1 (D. Colo. Oct. 24, 2014) (quoting *Kasper v. Board of Election Commissioners*, 814 F.2d 332, 338 (7th Cir. 1987)). "Thus, when presented with a request to enter a Consent Decree, 'the judge must satisfy [herself] that the decree is consistent with the Constitution and laws, does not undermine the rightful interests of third parties, and is an appropriate commitment of the court's limited resources." *Id.* (quoting *Kasper*, 814 F.2d at 338). Ultimately, "[t]he district court . . . is not obliged to approve every proposed consent decree placed before it." *United States v. State of Colo.*, 937 F.2d 505, 509 (10th Cir. 1991) (citation omitted). Given that the issuance of a consent decree bears the imprimatur of judicial approval, "the district court must ensure that the agreement is not illegal, a product of collusion, or against the public interest." *Id.*; *see also United States v. Weiss*, No. 11-cv-02244-RM-MJW, 2013 WL 5937912, at *2 (D. Colo. Nov. 6, 2013). Moreover, the district court must determine that the decree is "fair, adequate, and reasonable before it is approved." *Id.*; *see also United States v. Telluride Co.*, 849 F. Supp.

1400, 1402 (D. Colo. 1994) (stating that the relevant standard is whether the proposed decree "is fair, reasonable and equitable and does not violate law or public policy.").

Although a district court "may either approve or deny the issuance of a consent decree," a court is generally "not entitled to change the terms of the agreement stipulated to by the parties." *Id.* (citation omitted). Therefore, if a court discerns a problem with the consent decree, the court "should advise the parties of its concern and allow them an opportunity to revise the agreement." *Id.*

### III. Analysis

After reviewing the parties' Motion [#18] and the proposed Consent Decree, the Court finds that it is not able to enter the Consent Decree for the following reasons.

First and foremost, the parties have provided no argument or legal authority to support the entry of the Consent Decree as an order of the Court. *See generally Motion* [#18]. There is no showing by the parties that the Consent Decree is "directed to protecting federal interests." *Frew*, 540 U.S. at 437. While the Court is satisfied that it has jurisdiction over this dispute arising from the Copyright Act, the parties have not made any argument as to whether the Consent Decree "comes within the general scope of the case based on the pleadings" or furthers the objectives of the Copyright Act on which Plaintiffs' claims are based. *Firefighters*, 478 U.S. at 525. Moreover, although there is no evidence to suggest that the Consent Decree is illegal, a product of collusion, or against the public interest, the parties have made no showing that the Consent Decree is "fair, adequate, and reasonable." *United States v. State of Colo.*, 937 F.2d at 509.

Second, this case is still in its early stages, as no Scheduling Conference has yet been held and discovery has not yet commenced. The record before the Court simply

contains Plaintiffs' allegations in the Complaint [#1] and the general denials and affirmative defenses raised in Defendants' Answer [#13].  "Thus, at this stage, the contours and weight of the Plaintiff[s'] claims (and the Defendants' defenses) remain unknown to the Court, measured only by the Complaint's allegations and the Answer's denials."  *Funimation Entm't*, 2014 WL 6873061, at *1 (denying parties' joint request to enter consent decree in copyright action where there had "been no meaningful showing that the Plaintiff's copyright claims [were] colorable, much less significant enough to warrant three more years of judicial supervision of [the] matter").

Third, pursuant to the proposed Consent Decree, the parties must enter into and/or comply with a "License" and Settlement Agreement, neither of which have been provided to the Court for review.  Given that the Court must satisfy itself that the Consent Decree "is consistent with the Constitution and laws, does not undermine the rightful interests of third parties, and is an appropriate commitment of the [C]ourt's limited resources," *Funimation Entm't*, 2014 WL 6873061, at *1 (internal quotations omitted), the parties' failure to provide the "License" and Settlement Agreement leaves the Court unable to satisfy itself of this standard.

Relatedly, the Consent Decree "does not seem to anticipate, much less provide standards for addressing, easily foreseeable disputes that might arise." *Funimation Entm't*, 2014 WL 6873061, at *2.  For instance, the Consent Decree does not provide any terms that would govern a party's failure to comply with the "License" or Settlement Agreement and leaves it to the Court to resolve "any disputes arising therefrom or associated therewith[ ] and [ ] any further litigation involving the issues raised in this litigation."  *Motion* [#18] at 7.  While such terms may be provided for in the "License" and/or Settlement

Agreement, the Court may only assume as much given that neither document has been provided.  *See Funimation Entm't*, 2014 WL 6873061, at *2 ("The lack of meaningful terms in the Decree to anticipate and provide for such easily-anticipated circumstances is yet another factor warranting the Court's refusal to enter the Decree.").  To the extent that the "Consent Judgment" referred to in the Consent Decree may address these concerns, that document has also not been provided to the Court for review.

Finally, the Court notes that when a case is dismissed pursuant to Fed. R. Civ. P. 41(a)(2), as the parties request here, the Court does not thereby retain jurisdiction to enforce a settlement agreement.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994) ("Enforcement of the settlement agreement . . . whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.").  On the other hand, Fed. R. Civ. P. 54 allows the parties to request a stipulated judgment and, in some instances, the Court retains jurisdiction over compliance with that judgment.  Thus, the parties' request that the Court dismiss the case pursuant to Fed. R. Civ. P. 41(a)(2) but maintain jurisdiction over the parties to enforce the Settlement Agreement is improper.

## IV.  Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#18] is **DENIED without prejudice**.

IT IS FURTHER **ORDERED** that, **on or before August 30, 2019**, the parties shall file either: (1) a renewed motion for entry of a consent decree which addresses the concerns raised in this Order; (2) a stipulation to dismiss the case pursuant to Fed. R. Civ.

P. 41; or (3) a status report advising the Court how the parties wish to proceed in this case.

Dated: July 31, 2019

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge